# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CR 387 | **DATE** | 12/14/2001 |
| **CASE TITLE** | USA vs. Ugo G. Deluca | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing held.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: This Court grants defendant Deluca's motion in limine [35-1] to the extent it seeks suppression of the envelope but denies the motion to the extent it seeks suppression of the tag and the statements he allegedly made to law enforcement officers. This Court grants the government's motion in limine [34-1], [34-2], [34-3]. Defendant's objections to the government's additional experts are due December 28, 2002; government's response is due January 4, 2002. Jury trial set for January 14, 2002 at 10:00 a.m. to stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 26 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | 38 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| KMc courtroom deputy's initials | | 01 DEC 20 PM 6:53 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
DEC 26 2001

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 00 CR 387 |
| UGO G. DELUCA, | ) ) ) | Magistrate Judge Nan R. Nolan |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

The government charges the defendant, Ugo G. DeLuca, with the knowing purchase of Native American human remains without the right of possession to those remains as provided in the Native American Graves Protection and Repatriation Act in violation of 18 U.S.C. § 1170(a). Before this Court are the defendant's Motion In Limine (Docket Entry #35)—which seeks to suppress a manila envelope, an advertising tag, and the statements DeLuca allegedly made to law enforcement officers—and the government's Consolidated Motions in Limine (Docket Entry #34)—which seeks to preclude DeLuca from (1) presenting evidence regarding the potential penalties he would face if convicted; (2) arguing or presenting evidence designed to elicit jury nullification; and (3) presenting evidence (except for reputation/character evidence) that DeLuca engaged in innocent conduct on occasions not relevant to the current charge. For the following reasons, this Court grants the defendant's motion to the extent it seeks suppression of the envelope but denies the motion to the extent it seeks suppression of the advertising tag and DeLuca's alleged statements to law enforcement officers, and grants the government's motion.

38

## Background

According to the motion papers, the following events resulted in DeLuca's arrest. DeLuca operated a display area at the Elk Grove Village Antique Mall in Elk Grove Village, Illinois. In September 1998, Special Agent Paul Beiriger of the United States Fish and Wildlife Service and Chicago Police Officer Tim Hendricks seized from DeLuca's display case skull fragments, an advertising tag, and a manila envelope. Written on the envelope are the following handwritten notes: "Dr. O. L. Miller, Phone 492-w//207 ½ Madison Street//Ottawa, ILL," "Indian," and "X-rays." According to Agent Beiriger, DeLuca made statements regarding the skull fragments; specifically, that the fragments dated back to approximately 1492, that they came from Ottawa, Illinois, that they were uncovered by the University of Illinois in the 1920's, that they were from a "squaw" who was about 20 years old or younger, and that the teeth indicated that the person had been a grain eater. According to Agent Beiriger, DeLuca also stated that he prepared the advertising tag—the notations on which contain the same information as DeLuca's alleged statements.

## Discussion

DeLuca's Motion

DeLuca seeks to suppress the manila envelope, the advertising tag, and the statements he allegedly made to law enforcement officers. DeLuca argues that the envelope is inadmissible hearsay and that the tag and the alleged statements are irrelevant because he is not an expert in forensic anthropology. Alternatively, DeLuca argues that the envelope, the tag, and the alleged statements should be excluded because the probative value of this evidence is substantially outweighed by the danger of unfair prejudice. For the following reasons, this Court grants DeLuca's

motion to the extent it seeks suppression of the envelope but denies the motion to the extent it seeks suppression of the tag and the alleged statements.

1. Envelope

DeLuca argues that the envelope is inadmissible hearsay. The government argues that the envelope constitutes an adoptive admission that is admissible under Federal Rule of Evidence 801(d)(2)(B). An adoptive admission is "a statement of which the party has manifested an adoption or belief in its truth." Fed. R. Evid. 801(d)(2)(B). The government contends that DeLuca manifested an adoption or belief in the truth of the statements on the envelope when he placed the envelope in his display case. Based on a review of the case law, this Court concludes that DeLuca did not adopt the statements on the envelope.

It is clear that mere possession of a document does not constitute an adoptive admission of the statements contained in that document. *United States v. Mouzin*, 785 F.2d 682, 692 (9th Cir. 1986); *United States v. Ordonez*, 737 F.2d 793, 800-01 (9th Cir. 1984). Rather, to show that a defendant adopted a statement in his possession, the government must establish that the "surrounding circumstances tie the possessor and the document together in some meaningful way." *United States v. Paulino*, 13 F.3d 20, 25 (1st Cir. 1994); *see also Wright-Simmons v. City of Oklahoma City*, 155 F.3d 1264, 1268 (10th Cir. 1998) (noting that "[a] document is sufficiently 'tied' to the possessor to the extent the adoptive party accepted and acted upon the evidence.") (internal quotation and citation omitted). For example, in *Paulino*, the First Circuit held that a receipt found in an apartment that recorded a monthly rental payment for that apartment was sufficiently tied to the defendant because the receipt bore the defendant's name, the defendant had the only known key to the apartment, "intensive" police surveillance recorded the defendant frequenting the apartment and the

-3-

defendant was, at the very least, aware of the criminal activity that occurred in the apartment. *Paulino*, 13 F.3d at 24. Other courts have reached similar conclusions. In *United States v. Carrillo*, 16 F.3d 1046, 1049 (9th Cir. 1994), the Ninth Circuit held that the surrounding circumstances sufficiently tied the defendant to a slip of paper recovered from his pocket. The *Carrillo* court noted that the figures on the slip of paper coincided with the drug prices and quantities the defendant quoted to an undercover narcotics agent. *Carrillo*, 16 F.3d at 1049. In *Wright-Simmons*, the Tenth Circuit held that the defendant city manager adopted a report submitted to the manager by another city employee which concluded that one of the city's supervisors engaged in racial harassment. *Wright-Simmons*, 155 F.3d at 1268-69. The *Wright-Simmons* court noted that when the supervisor asked for the names of people who stated that he had harassed employees, the city manager mentioned the individuals the report identified as witnesses to the supervisor's harassing behavior. *Id.* The Seventh Circuit also considers the surrounding circumstances to determine if a statement constitutes an adoptive admission. *See United States v. Rollins*, 862 F.2d 1282, 1296-97 (7th Cir. 1989) (defendant adopted both sides of telephone conversation because he frequently agreed with other participant, conversation was two-sided and defendant completed drug deal agreed to in telephone conversation).

In this case, the surrounding circumstances do not sufficiently tie DeLuca to the statements on the envelope. The government points out only that the envelope was in DeLuca's display area. There is no evidence that DeLuca wrote the notes on the envelope, that the envelope was displayed so that the public could read the statements on the envelope, or that DeLuca was the only individual that used that display area. Moreover, there is no evidence that the statements on the envelope refer to the skull fragments recovered from DeLuca. Most importantly, unlike the information contained

-4-

on the advertising tag, DeLuca's alleged statements to law enforcement officers do not coincide with the statements on the envelope. Accordingly, because this Court concludes that DeLuca did not manifest an adoption or belief in the truth of the statements on the envelope, the defendant's motion to suppress the envelope is granted.[1]

2. Advertising Tag and Statements

DeLuca primarily argues that the tag and the statements he allegedly made to law enforcement officers should not be admitted into evidence because there is no evidence that he has any expertise regarding the authenticity of the skull fragments. The defendant, however, does not offer any authority for this proposition. The government correctly points out that no guarantee of trustworthiness is required in the case of an admission. Furthermore, the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice. Accordingly, this Court denies DeLuca's motion to suppress the advertising tag and statements he allegedly made to law enforcement officers.

Government's Motion

The government seeks to prevent DeLuca from (1) presenting evidence regarding the potential penalties he would face if convicted; (2) arguing or presenting evidence designed to elicit jury nullification; and (3) presenting evidence (except for reputation/character evidence) that DeLuca engaged in innocent conduct on occasions not relevant to the current charges. DeLuca did not file a response to the government's motion. The government's citations to case law are correct. The Seventh Circuit has upheld a district court's decision to prohibit a defendant from arguing potential

---

[1] Given this Court's holding, it is not necessary to reach DeLuca's argument that admission of the envelope would result in unfair prejudice.

punishment to the jury, stating that "the practice of informing juries about the sentencing consequences of their verdicts is strongly disfavored." *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997). The Seventh Circuit also has stated that even though jury nullification occurs, "it is not a right, either of the jury or of the defendant." *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996). Finally, in determining that certain wiretap tapes were not relevant and thus did not need to be turned over to the defendant, the Second Circuit stated that "[a] defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific occasions." *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990). Because the government's motion is supported by case law and the defendant has not filed a response, this Court grants the government's motion.

## Conclusion

This Court grants DeLuca's motion to the extent it seeks suppression of the envelope but denies the motion to the extent it seeks suppression of the tag and the statements he allegedly made to law enforcement officers. This Court grants the government's motion.

**E N T E R:**

*Nan R Nolan*

**Nan R. Nolan**

**United States Magistrate Judge**

Dated: DEC 1 4 2001