# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CR 387 | **DATE** | 3/6/2002 |
| **CASE TITLE** | USA vs. Ugo G. DeLuca | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. Testimony of David Lee Smith and Dr. Emerson is admissible and is not admissible as stated in open court. Knowledge of law issue is taken under advisement. Enter Memorandum Opinion and Order: The Government's motion for reconsideration [41-1] is denied. Status hearing set for March 11, 2002 is stricken. The time for the jury trial set for March 19, 2002 is reset to 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 0 8 2002 | |
| | Notified counsel by telephone. | | date docketed | 52 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| KMD | courtroom deputy's initials | U.S. DISTRICT COURT CLERK  02 MAR -8 AM 11: 23 | Date/time received in central Clerk's Office | mailing deputy initials |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **DOCKETED** |
| | ) | |
| Plaintiff, | ) | **MAR 0 8 2002** |
| | ) | |
| v. | ) | No. 00 CR 387 |
| | ) | |
| UGO G. DELUCA, | ) | Magistrate Judge Nan R. Nolan |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The government charges the defendant, Ugo G. DeLuca, with knowingly selling, purchasing, using for profit, or transporting for sale or profit the human remains of a Native American without the right of possession to those remains as provided in the Native American Graves Protection and Repatriation Act in violation of 18 U.S.C. § 1170(a). In a previous decision, this Court granted the defendant's motion to suppress an envelope recovered from the defendant's antique booth. *United States v. DeLuca*, No. 00 CR 387, 2001 WL 1654770, at *3 (N.D. Ill. Dec. 20, 2001). The government moves this Court to reconsider that decision. For the following reasons, this Court DENIES the government's motion.

### Background

According to the motion papers, the following events resulted in DeLuca's arrest. DeLuca operated a display area at the Elk Grove Village Antique Mall in Elk Grove Village, Illinois. In September 1998, Special Agent Paul Beiriger of the United States Fish and Wildlife Service and Chicago Police Officer Tim Hendricks seized from DeLuca's display case skull fragments, an advertising tag, and a manila envelope. According to Agent Beiriger, DeLuca made statements regarding the skull fragments; specifically, that the fragments dated back to approximately 1492, that

they came from Ottawa, Illinois, that they were uncovered by the University of Illinois in the 1920's, that they were from a "squaw" who was about 20 years old or younger, that there was "[f]lat wear on teeth," and that the person had been a grain eater. According to Agent Beiriger, DeLuca also stated that he prepared the advertising tag—the notations on which contain the same information as DeLuca's alleged statements. The envelope contains the following handwritten notes: In a section labeled PATIENT, an individual wrote "Indian," and in a section labeled DATE, some one wrote "X-Rays." The envelope also contains the following printed information: "Dr. O.L. Miller, Phone 492, 201 ½ Madison St., Ottawa, ILL." There is no evidence that the defendant prepared any part of the envelope.

### Discussion

The government seeks to introduce the envelope at trial as an adoptive admission under Federal Rule of Evidence 801(d)(2)(B). To establish that a defendant adopted a statement in his possession, most courts require the government to establish that the surrounding circumstances tie the possessor to the statements in the document in some meaningful way. *United States v. Paulino*, 13 F.3d 20, 25 (1st Cir. 1994); *see also Wright-Simmons v. City of Oklahoma City*, 155 F.3d 1264, 1268 (10th Cir. 1998); *United States v. Mouzin*, 785 F.2d 692 (9th Cir. 1986). In its prior order, this Court held that the envelope was not admissible. The government's motion for reconsideration of that decision contains two arguments. First, the government argues that DeLuca's display of the envelope next to the skull and advertising tag sufficiently ties him to the statements contained on the envelope. In *Paulino*, an informant conducted a controlled purchase of drugs at 70 Peace Street, apartment 706. During the deal, officers observed the defendant peering out a window. A subsequent search of the apartment uncovered the defendant, a key to the apartment (found on the

defendant's person), various quantities of controlled substances, drug paraphernalia, a gun, and a money-order receipt. The receipt bore the defendant's name, listed his address as "70 Peace Street $ [sic] 706" and indicated that the defendant made a $280 payment for "May rent"—a period during which officers observed the defendant frequenting the apartment. At trial, the receipt was admitted over the defendant's hearsay objection to prove that the defendant paid the apartment rent for May. The First Circuit affirmed the lower court's decision, concluding that the receipt was an adoptive admission under Rule 801(d)(2)(B) because the surrounding circumstances sufficiently tied the defendant to the statements on the receipt. *Paulino*, 13 F.3d at 24.

Unlike the circumstances in *Paulino*, the circumstances in this case do not sufficiently connect DeLuca to the statements on the envelope. The statements on the envelope suggest that a doctor concluded that the skull at issue is a Native American skull. The government argues that the following circumstances tie DeLuca to that purported scientific conclusion: (1) the word "Indian" appears on the envelope and the words "Squaw Indian" appear on the advertising tag; and (2) the Ottawa, Illinois address on the envelope is consistent with the advertising tag statement that the skull was found in Ottawa, Illinois.[1] These two circumstances fall far short of the circumstances the court dealt with in *Paulino*. In this case, neither DeLuca's alleged statements to law enforcement officers nor the advertising tag relate that a doctor concluded that the skull is from a Native American.

The government next argues that this Court should admit the envelope because it is "inextricably intertwined" with the charged conduct and that is absence would create a conceptual

---

[1] The government also points out that the phrase "X-rays" appears on the envelope and the envelope contains x-rays of the skull at issue. Because the government did not tender a copy of the x-rays to this Court or explain its conclusion that the x-rays from the envelope correspond to the skull recovered from DeLuca, this Court finds this portion of the government's argument unpersuasive.

void in the government's case. In support the government cites four cases in which the Seventh Circuit held that a court may admit evidence of uncharged criminal conduct if the evidence is "intricately related" to the acts charged in the indictment. *See United States v. Hughes*, 213 F.3d 323 (7th Cir. 2000); *United States v. Gibson*, 170 F.3d 673 (7th Cir. 1999); *United States v. Robinson*, 161 F.3d 463 (7th Cir. 1998); *United States v. Ramirez*, 45 F.3d 1096 (7th Cir. 1995). There are two problems with the government's argument. First, none of the cases cited by the government involve the introduction of unauthenticated hearsay statements from unknown third parties. Second, exclusion of the envelope will not create a void in the government's case. To the extent the government intends to use the envelope to prove that DeLuca believed he possessed a Native American skull, the statements on the skull are cumulative of DeLuca's alleged statements to law enforcement officers and the statements he allegedly wrote on the advertising tag. Accordingly, this Court denies the government's motion to reconsider this Court's conclusion that the envelope is not an adoptive admission. However, even if this Court were to conclude that the envelope qualifies as an adoptive admission, the envelope is inadmissible under Federal Rule of Evidence 403.

Federal Rule of Evidence 403 states in pertinent part: "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. A district court's exclusion of evidence under Rule 403 is entitled to special deference. *United States v. Miles*, 207 F.3d 988, 992-93 (7th Cir. 2000); *see also United States v. Centracchio*, 265 F.3d 518, 530 (7th Cir. 2001). Because the envelope presents a danger of unfair prejudice and because the statements on the envelope are cumulative of other evidence in the case, this Court concludes that the envelope is inadmissible pursuant to Rule 403.

All relevant evidence is prejudicial. Evidence is unfairly prejudicial "if it will induce the jury to decide the case on an improper basis . . . rather than on the evidence presented." *United States v. Pulido*, 69 F.3d 192, 201 (7th Cir. 1995). In this case, the government plans to prove the origin of the skull through expert testimony. The defendant strenuously challenges the government expert's conclusion that the skull is Native American. Because the envelope contains the word "Indian" and purports to be from a doctor, there is a significant likelihood that the jury will consider the envelope as an additional piece of expert evidence, i.e., an additional educated opinion as to the skull's origin, when deciding whether the government has proved that the skull is a Native American skull. Here, there is no evidence who wrote the statements on the envelope, when those statements were written, or even if the word "Indian" on the envelope refers to the skull in this case. Moreover, the government has no evidence that the word "Indian" on the envelope represents a scientific conclusion—perhaps the author merely took some one else's word that the skull was Native American. Also, there is no evidence that the author was a doctor, much less evidence that he or she was qualified to render an opinion as to the skull's origin.[2] This Court concludes that the envelope is unfairly prejudicial because there is a significant likelihood that it will induce the jury to decide the case based on the unauthenticated statements written on that piece of evidence.

The envelope is also unnecessarily cumulative of the government's other evidence. In *United States v. Miles*, 207 F.3d 988, 992-93 (7th Cir. 2000), the district court excluded two documents upon which a ballistics expert based his opinion because the documents were cumulative of the expert's testimony. The Seventh Circuit affirmed, reasoning that the documents "added very little

---

[2] In fact, the government contends that Dr. O.L. Miller was a dentist (the government does not explain the basis for this conclusion).

to the probative force of the other evidence in the case." *Miles*, 207 F.3d at 993 (internal quotation and citation omitted). This case is no different. The government seeks to introduce the envelope to establish both that DeLuca believed he possessed a Native American skull and that the skull is from a Native American. But the government already has DeLuca's alleged statements and the advertising tag allegedly written by DeLuca—both of which, according to the government, contain statements by DeLuca admitting that the skull is an "Indian" skull. Additionally, the government intends to have an expert render an opinion as to the origin of the skull. This Court concludes that the statements on the envelope have limited probative value because they are cumulative of the government's other evidence. Furthermore, because the limited probative value of the envelope is significantly outweighed by the danger of unfair prejudice, this Court concludes that the envelope is inadmissible pursuant to Rule 403.

## Conclusion

For the foregoing reasons, this Court DENIES the government's motion for reconsideration.

E N T E R :

Nan R. Nolan

**Nan R. Nolan**

**United States Magistrate Judge**

Dated: _____